# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Re:

**DUSTIN KNOWLTON**                                    **Case No. 15-bk-52683**
**P.O. Box 22**
**Woodsfield, Ohio 43793**                            **Chapter 7**

    **Debtor(s)**                          **Judge Hoffman**
                                                       **SSN: xxx.xx.0528**


### TRUSTEE'S MOTION TO COMPROMISE

Brent A. Stubbins, Case Trustee, hereby moves the Court, pursuant to Bankruptcy Rule 9019 to approve a compromise with Charles Burkhart to accept $12,000.00 to resolve the issue of a $15,000.00 preferential payment to Debtor's business partner for the reasons set forth below.


Respectfully submitted,

/s/Brent A. Stubbins
Brent A. Stubbins (0016326)
Chapter 7 Trustee
Stubbins, Watson & Bryan Co., L.P.A.
59 N. Fourth Street
P. O. Box 488
Zanesville, OH 43702-0488
740.452.8484
740.455.4124
bstubbins@zanesville.law.pro


### MEMORANDUM

On April 24, 2015 Debtor Dustin Knowlton filed his Chapter 7 Petition. At the 341 hearing, Debtor disclosed he had made a payment of $15,000.00 to his business partner and unsecured creditor Charles Burkhart on March 15, 2015.

Debtor operated a business known as DW Knowlton Trucking LLC, an Ohio LLC whose primary activity was a trucking business operating out of Woodsfield, Ohio.  Debtor owned an 80% membership interest in Knowlton Trucking and Charles Burkhart owned a 20% membership interest.

Eventually the business fell upon hard times and was unable to generate a profit.  The business owned and operated several trucks. In the process of winding up its affairs, Debtor sold the various vehicles, paid off the secured lien holders of those vehicles and then made an unsolicited payment of the remaining funds to Charles Burkhart in the amount of $15,000.00.  This payment was made without consideration and made within 6 weeks of the filing of Debtor's bankruptcy. Burkhart was also listed as an unsecured creditor, owed $137,000.00 by Debtor (see Schedule F).

Counsel for the Trustee prepared an Adversary Complaint and on October 7, 2015 sent a demand letter with a copy of the proposed Adversary to Burkhart, requesting he voluntarily refund the Trustee $12,000.00 in order to compromise this claim and avoid the attendant litigation costs and delay, subject to review and approval by this Court.  Subsequently, on October 14, 2015 Burkhart delivered to counsel a check for $12,000.00 payable to the Trustee to resolve this claim.

In reviewing a compromise in Bankruptcy, a Court must determine whether the proposed compromise is fair and equitable, "considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Waldschmidt v. The Commerce Union Bank (In re Bauer),* 859 F. 2d 438 (6th Cir. 1988). In addition, factors that address the likely duration of the litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise should be considered. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U. S. 414, 424 (1968).

Compromise and settlements are favored in bankruptcy to reduce the cost of litigation and expedite its administration. *In re Applegate*, 2007 LEXIS 4184 (N.D. E.D. Ohio 2007); *In re West Pointe Properties, L.P.*, 249 B.R. 273, 282 (Bankr. E.D. Tenn. 2000).

When evaluating compromises, the Court must determine whether the settlement falls below the lowest point in the range of reasonableness, and if it does, it may be approved. *In re: Nicole Gas Production, Ltd,* 2014 Bankr. LEXIS 4151 (SD Ohio, ED. Sept. 26, 2014). In order to determine whether a settlement is within the range of reasonableness, the Court must review the agreement under the "fair-and-equitable" standard. Under this standard, there are 4 factors:

First, the Court looks to the probability of success in litigation, which requires that the Court estimate both the value of the proposed settlement and the likely outcome of litigating the claims proposed to be settled. *In re: Nicole Gas Production, Ltd.*  When estimating the likely outcome of litigation, the Court need not make a precise determination of the outcome, because an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.

The other 3 factors to be considered are: the difficulties to be encountered in collecting from the defendant; the complexity, expense and delay the Trustee would face in the litigation; and, the paramount interest of the creditors, giving proper deference to their reasonable views. The underlying test for the bankruptcy court's approval is whether the Trustee's actions are "within the universe of reasonable actions", not whether pressing onward might produce more funds. *In re*

*Dennett*, 449 B.R. 139 (Utah 2011).

In the case at bar, the compromise amount of $12,000.00 represents an eighty percent (80%) return of the maximum amount recoverable (of $15,000.00). In the event the Adversary was filed, it would have involved depositions of the Debtor and Burkhart. The records and transactions of the now defunct business, Knowlton Trucking LLC, would need to be scrutinized. The retention of an accounting expert was also contemplated by counsel. Upon information and belief, the business records of Debtor may be in part or in whole unavailable. The cost and expense of depositions and any subsequent trial in this case would be significant and may well consume or exceed the amount recoverable on this claim. This does not take into account the additional attorney time involved and the risk of collectability if judgment were granted and Burkhart refused to pay.

This potential litigation would require significant hours of work and thousands of dollars in costs and expenses. Although confident of success, there is no guarantee that the Trustee would prevail, collect the full judgment amount and be able to make a meaningful distribution to unsecured creditors. In any event, the reasonableness of a settlement does not depend on merely how much dividend would be paid to the unsecured creditors. *In re Lee Way Holding Company*, 120 B.R. 881 (S.D. E.D. Ohio 1990); *See Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.),* 67 Bankr. 378 (C.D. Ill. 1986); *In re Hanson Industries, Inc.,* 88 Bankr. 942 (Bankr. D. Minn. 1988).

In his business judgment, the Trustee believes it is appropriate to resolve this matter for $12,000.00 (an 80% return) and thereby insure a dividend to creditors. Accordingly, pursuant to Rule 9019 the Trustee moves for the approval of this Motion to Compromise with creditor Charles Burkhart in return for payment $12,000.00, with the Trustee accepting this amount as payment in full of the preference claim.

Respectfully Submitted,

/s/Brent A. Stubbins
Case Trustee

## NOTICE OF MOTION/ORDER

Brent A. Stubbins, Case Trustee has filed papers with the court to obtain relief sought in a Motion To Compromise.

**Your rights may be affected.** You should read these papers carefully and discuss them carefully with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion/Objection, then on or before twenty one **(21) days from the date set forth in the certificate of service for the Motion/Objection**, you must file with the court a response explaining your position by mailing your

response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 N. High Street, Columbus, Ohio 43215, OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to Brent A. Stubbins, Case Trustee, Stubbins, Watson & Bryan Co., L.P.A., 59 North Fourth Street, P. O. Box 488, Zanesville, Ohio 43701-0488 and United States Trustee, 170 North High Street, Ste. 200, Columbus, Ohio 43215.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion/Objection and may enter an order granting that relief without further hearing or notice.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on October 30, 2015, a copy of the foregoing Motion to Compromise has been served electronically through the Court's ECF system at the email address registered with the Court upon:

- **Asst US Trustee (Col)**
- **D William Davis**
- **Alison A Gill**
- **Gary Wayne Smith**
- **Brent A Stubbins**
- **Brent A Stubbins**
- **Andrew C Woofter**

and by regular U.S. Mail on all parties on the attached Service List:

/s/Brent A. Stubbins
Brent A. Stubbins